**Katherine A. SAVAGE, Plaintiff—Appellant,**

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

**No. 05–35144.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 16, 2005.

Drew L. Johnson, Esq., Drew L. Johnson, PC, Kathryn Tassinari, Esq., Drew L.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Johnson, P.C., Eugene, OR, for Plaintiff—Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., Liva Jamala Edwards, Esq., L. Jamala Edwards, Esq., Office of the Geneal Counsel, Seattle, WA, for Defendant—Appellee.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and BURNS,** District Judge.

MEMORANDUM ***

Katherine Savage appeals the district court's decision upholding the final determination by the Commissioner of Social Security that Savage was ineligible for supplemental security income under Title XVI of the Social Security Act. An Administrative Law Judge ("ALJ") determined that Savage suffers from schizophrenia but would not be disabled exclusive of her substance abuse. In so finding, the ALJ relied on the testimony of a nonexamining medical expert and distinguished the opinions of the treating physician and two examining doctors. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

In general, deference must be given to both the subjective judgments and the in-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

terpretation of test results offered by the treating physician. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995). If another doctor contradicts the opinions of the treating or examining physician, however, the ALJ may reject the treating or examining physician's view for specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 830–31; *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998). The opinion of a nonexamining physician cannot, by itself, constitute substantial evidence in this context. *Lester*, 81 F.3d at 831. But the "[o]pinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–01 (9th Cir.1999) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995)).

For the reasons amply elaborated in the magistrate judge's recommendations dated October 19, 2004, we hold that the ALJ properly discredited Savage's subjective reports as tending to minimize the extent of her alcohol consumption.

We also hold that substantial evidence supports specific and legitimate reasons offered by the ALJ for favoring the opinion of the nonexamining medical expert, Dr. Crossen, over those of the treating psychiatrist and examining psychologists. Because we find it reasonable to conclude from the evidence that Savage had recently used more drugs or alcohol than she reported to Drs. Vandiver and Cogburn, we determine that the ALJ offered a legitimate justification sufficiently supported by the evidence for giving their opinions limited weight in evaluating Savage's capacity exclusive of substance abuse. *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*Morgan*, 169 F.3d at 602; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir.2001) (finding that a patient's provision of misinformation, unbeknownst to a doctor, served as a specific and legitimate reason for rejecting the doctor's opinion).

Finally, we hold that Dr. Balsamo's strong implication of the continuation of alcohol abuse in his second evaluation constitutes sufficient evidentiary support for the ALJ's determination that Dr. Balsamo's reports do not indicate that Savage's alcohol abuse is immaterial to her disability. *See Morgan*, 169 F.3d at 601 (citations omitted) (noting that "when evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld").

**AFFIRMED.**